# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6248 | **DATE** | January 2♯, 2003 |
| **CASE TITLE** | Gudino and Peralata v. Town of Cicero | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due _____ . Reply to answer brief due _____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motions to dismiss [5-1] is granted in part and denied in part as follows: the individual defendants' motion is granted; the Town of Cicero's motion is granted in part and denied in part. See attached for details. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices MAILED by judge's staff. | | JAN 29 2003 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. COURT | | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

(Reserved for use by the Court)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**DOCKETED**

**JAN 2 9 2003**

EDUARDO GUDINO and                 )
OBDULIA PERALTA,                   )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )      No. 02 C 6248
                                   )
TOWN OF CICERO et al.,             )
                                   )
            Defendants.            )

**MEMORANDUM OPINION**

Before the court are defendants' motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the individual defendants' motion is granted, and the Town of Cicero's motion is granted in part and denied in part.

**BACKGROUND**

This case is related to <u>Duran v. Town of Cicero</u>, 01 C 6858.[1] The <u>Duran</u> case is a civil rights action by numerous plaintiffs against the Town of Cicero and various Cicero police officers. <u>Duran</u> arises out of an incident occurring on September 2, 2000, at the home of plaintiffs Alejandro and Maria Duran, who were having a party.

---

[1] On October 18, 2002, the two cases were consolidated for all purposes.

The facts of this case, according to the complaint, are as follows. Plaintiffs Eduardo Gudino and Obdulia Peralta lived across the street from the Durans.[2] Cicero police officers arrived at the Duran home and began shouting profanities at partygoers. Gudino had a video camera and began taping the incident. An unidentified police officer punched Gudino in the stomach and took his video camera and videotape.

Individuals with Peralta yelled to the police officers "to stop mistreating the people at the Duran party." (Complaint, ¶ 32.) Some police officers came over to Peralta's house and began shouting profanities at her and others who were with her. The police officers pushed and shoved Peralta and the others and shouted at them to get inside. One unidentified police officer pushed someone against Peralta, knocking her into the wall of her house and injuring her. The officer also shouted ethnic slurs and profanities at Peralta and the others.

Plaintiffs filed this § 1983 civil rights action on September 3, 2002. The complaint alleges the following against 17 Cicero police officers only: excessive force (Count I); violation of plaintiffs' equal protection rights (Count II); and assault and battery (Count V). The complaint alleges the following against the Town of Cicero (the "Town") only: a Monell policy claim (Count

---

[2] It is unclear from the complaint whether plaintiffs lived in the same house or in two different houses.

III); a <u>respondeat</u> <u>superior</u> claim (Count VII); and an indemnification claim (Count VIII). Against both the Town and the individual defendants, plaintiffs bring a claim for violation of the Illinois Hate Crime Act (Count IV) and a claim for spoliation of evidence (Count VI). Plaintiffs seek compensatory and punitive damages.

The individual defendants have moved to dismiss the complaint. We have granted the Town's motion to adopt the motion of the individual defendants.[3]

## DISCUSSION

### A. Federal Claims Against the Individual Defendants

A plaintiff may bring a § 1983 civil rights action only against those individuals *personally responsible* for a constitutional deprivation. See <u>Doyle v. Camelot Care Ctrs., Inc.</u>, 305 F.3d 603, 614 (7th Cir. 2002). The individual defendants contend that the complaint fails to state § 1983 claims against them because it does not connect any of them to the violations. The complaint merely alleges that "a Cicero police officer" or "the Cicero police officer" took certain actions.

Plaintiffs point out in their response that the police officers could be liable under § 1983 for their failure to intervene to prevent a violation of plaintiffs' rights. That is

---

[3] Accordingly, the Town filed its own reply brief, but not its own motion to dismiss or supporting memorandum.

correct, but the complaint does not allege failure to intervene, and it does not allege that any particular police officer failed to intervene as is required. Plaintiffs have simply sued the same police officers who were sued in the Duran case without tying any particular officer to the factual allegations. This is insufficient to state § 1983 claims, and thus Counts I and II of the complaint must be dismissed. We will allow plaintiffs a reasonable amount of discovery and an opportunity to amend Counts I and II within 60 days.

**B.    Monell Claim**

Count III asserts a Monell claim against the Town. The Town argues that Count III should be dismissed because it alleges only a single incident of unconstitutional conduct. To state a Monell claim against the Town, the plaintiffs must allege either "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) . . . that the constitutional injury was caused by a person with final policymaking authority." McTique v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995) (internal citations and quotation marks omitted).

Plaintiffs make the second type of Monell claim, the existence of widespread, permanent practices that constitute customs or

policies of the Town's police. They allege that the Town had customs of failing to supervise, control, and discipline officers, as well as permitting a "code of silence" regarding police misconduct. These are sufficient allegations to withstand a motion to dismiss. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993) (rejecting a heightened pleading standard for constitutional claims against municipalities); McCormick v. City of Chicago, 230 F.3d 319, 323-25 (7th Cir. 2000) (same). While the allegations against the Town come close to the level of "boilerplate vagueness," see Lanigan v. Village of East Hazel Crest, 110 F.3d 467, 480 (7th Cir. 1997), Leatherman does not require more from plaintiffs at this point.

## C. **State Law Tort Claims**

### 1. **Counts IV and V**

Under the Illinois Tort Immunity Act, 745 ILCS 10/8-101, "[n]o civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." Plaintiffs' claims for assault and battery against the individual defendants (Count V) and for a hate crime against all the defendants (Count IV) accrued on the date of the incident—September 2, 2000. The complaint was filed on September 3, 2002. Counts IV and V are time-barred.

Plaintiffs argue that if any of the individual defendants are found to be acting outside the scope of their employment in committing the alleged violations, they would not be considered "employees" of the Town and thus the Tort Immunity Act's statute of limitations would not apply. However, plaintiffs themselves repeatedly allege in the complaint that the individual defendants were at "all" relevant times acting in their capacity as officers and employees of the Town. (Complaint, ¶¶ 3-20, 63, 80, 84.)

## 2.  **Count VI**

Count VI appears to be a state law claim for negligent spoliation against all of the defendants. To the extent it is alleged against the individual defendants, it is insufficient to state a claim. Two of the elements of a negligent spoliation claim are the existence of a duty owed by the defendant to the plaintiff and the breach of that duty. See <u>Boyd v. Travelers Ins. Co.</u>, 652 N.E.2d 267, 270-72 (Ill. 1995). While Count VI does allege that the Town owed plaintiffs a duty to preserve evidence, it fails to allege that the individual defendants owed plaintiffs that duty or that they breached that duty. Accordingly, Count VI is dismissed to the extent that it is brought against the individual defendants.

The Town does not specifically address the spoliation claim, but argues that "all" of the state law claims are time-barred. A cause of action for spoliation accrues when the evidence at issue is destroyed, but this accrual date is modified by the "discovery

rule," under which the period of limitations does not start until the injured party knows or should know of his injury. See Schusse v. Pace Suburban Bus Div., 779 N.E.2d 259, 267-68 (Ill. App. Ct. 2002). It is unclear from the complaint both when the evidence was allegedly destroyed and when plaintiffs should have known about it, but this is not a defect requiring dismissal of the spoliation claim. Any information regarding the alleged spoliation is uniquely within the Town's knowledge. Plaintiffs have adequately alleged spoliation by stating which items they believe were lost or destroyed. The questions of whether these items were destroyed and, if so, when they were destroyed, are factual and will require discovery. Therefore, the Town's motion to dismiss is denied as to Count VI.

## D.   Respondeat Superior and Indemnification

Counts VII and VIII, which allege respondeat superior and indemnification claims against the Town, are dependent upon the success of plaintiffs' claims against the individual defendants. Because we have dismissed all of the claims against the individual defendants, Counts VII and VIII must be dismissed. Dismissal of the respondeat superior claim is with prejudice, because the state law claims upon which it depends are being dismissed with prejudice as time-barred.[4]

---

[4] Section 1983 claims cannot support respondeat superior liability. See Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000).

## CONCLUSION

The individual defendants' motion to dismiss the complaint is granted. The Town of Cicero's motion to dismiss is granted in part and denied in part.

Counts I and II are dismissed. Plaintiffs are granted leave to amend Counts I and II to specifically allege, if they can, which police officers committed which acts in violation of their civil rights. Plaintiffs may conduct appropriate discovery, and may file an amended complaint by March 28, 2003.

The Town's motion is denied as to Count III.

Counts IV and V are dismissed with prejudice.

Count VI is dismissed with prejudice to the extent it is alleged against the individual defendants. The Town's motion is denied as to Count VI.

Count VII is dismissed with prejudice.

Count VIII is dismissed without prejudice.


DATE:        January 27, 2003


ENTER:       _____

             John F. Grady, United States District Judge