# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ALEJANDRO DURAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 01 C 6858 |
| ) | |
| TOWN OF CICERO, et al., ) | |
| ) | |
| Defendants. ) | |
| EDUARDO GUDINO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 6248 |
| ) | |
| TOWN OF CICERO et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The defendant Rhonda Gross has filed a "Supplement" to her Motion for Judgment as a Matter of Law. She argues that the order of December 5, 2005,[1] granting summary judgment in favor of Gross and against all plaintiffs except for Joel Uribe and Heriberto Uribe, Sr. on Count II, on the basis that no other plaintiff was asserting a false arrest claim against Gross, was a final disposition of any false arrest claim by Juan Carlos Uribe. The defendant concludes that it was therefore error for the false arrest claim of Juan Carlos Uribe to be submitted to the jury.

---

[1] The order was entered in accordance with our memorandum opinion of October 7, 2005.

The defendant has a misconception as to the nature of the order of October 7, 2005. It was not a final judgment order, and because it was not, it was subject to change at any time prior to final judgment. No final judgment will occur in this case until all post-trial motions have been ruled upon. The post-trial motion of the Town of Cicero is still pending and is being briefed by the parties.

> The district court has the discretion to make a different determination of any matters that have not been taken to judgment or determined on appeal. Pre-judgment orders, such as motions to dismiss, are interlocutory and may be reconsidered at any time.

Cameo Convalescent Ctr., Inc. v. Percy, 800 F.2d 108, 110 (7th. Cir. 1986).

Plaintiffs' attorneys argue that Mr. Spevack, the former attorney for the individual defendants, agreed with Mr. Cerda, Juan Carlos Uribe's attorney, that the claims to be submitted to the jury would be those set forth on a chart that Mr. Spevack and Mr. Cerda prepared and that, to that extent, the order of December 5, 2005, was modified. Counsel for the defendant Gross rejects this argument, saying that there is no evidence to support it.

In our view it is immaterial whether Mr. Spevack and Mr. Cerda had an agreement or not. The fact of the matter is that all parties who went to trial, including the defendant Gross, knew that the claims which would be submitted to the jury would be those set forth on the chart prepared by the parties prior to trial and

consulted by everyone – counsel, the court and the jury –constantly throughout the trial. We regard the chart as, in effect, an amended complaint. See Fed. R. Civ. P. 15(b)(2). Everyone knew that Juan Carlos Uribe was claiming false arrest by Gross, evidence was submitted to support and to rebut the claim, and a verdict form jointly prepared by the parties was submitted to the jury containing spaces for the jury to find in favor of Juan Carlos Uribe or against him on his claim against Rhonda Gross for false arrest.

Because the order of December 5, 2005, was not a final order, and it is therefore subject to modification at any time prior to entry of final judgment in the case, we hereby vacate that portion of the December 5, 2005 order that had the effect of granting summary judgment against Juan Carlos Uribe and in favor of Rhonda Gross on Count II of the complaint.

The Renewed Motion of Rhonda Gross for Judgment as a Matter of Law is denied.

DATED: March 19, 2008

ENTER: _____
John F. Grady, United States District Judge